UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

THERESA ANNE CLARK,

        Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,

        Defendant.

CASE NO. 2:17-cv-00950-JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 3). This matter has been fully briefed. *See* Dkt. 8, 12, 13.

Plaintiff was working as a para-educator in a classroom with special needs students. One of these students assaulted her on multiple occasions over a period of weeks, and, during the last incident, the student struck plaintiff, knocked her to the

ground, struck her multiple times, put his hands under her shirt, and left her with significant injuries, including facial contusions, multiple areas of neck/back injury and post-traumatic stress disorder ("PTSD"). *See* AR. 866-67 (CM/ECF docket p. 877-78). After this incident, plaintiff began having nightmares and would wake up frightened and feeling awful, three or four times a week, which has since reduced to about twice a month. AR. 741 (CM/ECF docket p. 752). Plaintiff developed problems with anxiety, and for a period of about six months almost never left home, as "being around other people tended to be highly anxiety-provoking, and she describe[d] being easily startled." *See id*.

Plaintiff has flashbacks of the assault, occasionally triggered by depictions of violence on television or by images reminding her of the attacking student. Although plaintiff attempted to return to work, "being around students was so anxiety provoking that she was unable even to leave her vehicle." *Id*. Plaintiff "eventually wound up returning to a volunteer position where she works with an older [female] student in a library, where she feels secure." *Id*.

Multiple doctors opined that plaintiff would not be able to return to competitive full-time work, however the ALJ failed to credit fully these doctors' opinions. Although defendant concedes that the ALJ erred when failing to credit fully these doctors' opinions, defendant does not concede that this matter should be reversed and remanded with a direction to award benefits, as requested by plaintiff.

Although it is true that if the Court were to credit in full some of the doctors' opinions plaintiff would be deemed disabled, it is not the job of the Court to resolve conflicts within the medical evidence. Defendant's argument that there is some doubt as

to whether or not plaintiff is in fact disabled is persuasive. Therefore, this matter is reversed and remanded to the Administration for further proceedings.

## BACKGROUND

Plaintiff, THERESA ANNE CLARK, was born in 1953 and was 56 years old on the alleged date of disability onset of September 15, 2009. *See* AR. 336-42. Plaintiff has work experience as a para-educator. AR. 360. Plaintiff did not return to work after she was assaulted by a student. AR. 867.

According to the ALJ, through the date last insured, plaintiff has at least the severe impairments of "back/neck disorder, bilateral carpal tunnel syndrome, depression, and anxiety disorder (20 CFR § 404.1520(c))." AR. 13.

At the time of the hearing, plaintiff was living in the family home with her husband and adult daughter. AR. 38, 91.

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration. *See* AR. 141-55, 157-73. Plaintiff's requested hearing was held before Administrative Law Judge Wayne N. Araki ("the ALJ") on May 20, 2014. *See* AR. 33-86. On July 24, 2014, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 174-94. The Appeals Council remanded the case back to the ALJ for further consider and on May 19, 2016 another hearing was conducted. *See* AR. 87-118. On September 26, 2016, the ALJ

issued a second written decision in which he again concluded that plaintiff was not disabled. *See* AR. 7-32.

In plaintiff's Opening Brief, plaintiff raises multiple issues: (1) Did the ALJ err by improperly rejecting multiple consistent medical opinions and "cherry picking" evidence contained in other psychological reports; (2) Did the ALJ consider all of plaintiff's limitations and the evidence when assessing plaintiff's RFC; and (3) Should the ALJ be ordered to reconsider reopening the prior application for "good cause". *See* Dkt. 8, p. 1.

Defendant requests that the Court remand this matter for further proceedings. *See* Dkt. 12, p. 1. Plaintiff requests a remand with a direction to award benefits. Dkt. 13.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**(1) Did the ALJ err by improperly rejecting consistent medical opinions and "cherry picking"  evidence contained in other psychological reports and did the ALJ consider all of plaintiff's limitations and all of the evidence when assessing plaintiff's RFC?**

Defendant concedes these errors by the ALJ. *See* Dkt. 12, p. 1. However, defendant does not concede that this matter should be reversed and remanded with a

direction to award benefits. *See id*. Plaintiff contends that a remand with a direction to award benefits is warranted in this matter. *See* Dkt. 13.

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (quoting *Smolen*, *supra*, 80 F.3d at 1292).

Here, outstanding issues must be resolved. *See id.; Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014) (quoting *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012)).

Defendant argues that the evidence of record demonstrates that while plaintiff cannot work with special needs students, she "likely" can work with students without special needs. Dkt. 12, p. 6 (citing AR. 741, 867). Although the pages cited by defendant do not demonstrate that plaintiff likely can work with students without special needs, other aspects of the record create serious doubt as to if plaintiff is indeed disabled.

For example, on February 22, 2011, an examining psychiatrist opined that even though plaintiff has a permanent mental health impairment, from a psychiatric standpoint, she is able to carry out some type of gainful employment on a reasonably continuous basis (although not with special needs children). *See* AR. 751 (CM/ECF docket p. 762).

Plaintiff cites many medical opinions indicating that plaintiff "is incapable of even low stress work;" that she "may not [be able to] return to any type of employment;" that she "is incapable tolerating even low stress in a work setting;" and that "one doubts that [plaintiff] could perform work activities through a normal workday, perhaps she could work part time in fairly low stress contexts . . . ." Dkt. 13, p (citations omitted). Plaintiff citations are accurate. However, as noted by the Ninth Circuit, "an ALJ's failure to provide sufficiently specific reasons for rejecting the testimony of a claimant or other witness does not, without more, require the reviewing court to credit the [evidence] as true." *Treichler*, 775 F.3d at 1106.

In contrast to plaintiff's citation to multiple, consistent opinions, there is the previously noted opinion that plaintiff is able to carry out some type of gainful employment on a reasonably continuous basis (although not with special needs children). *See* AR. 751 (CM/ECF docket p. 762). Which medical opinion should the Court credit?

The Court declines to resolve the conflict. This is an outstanding issue.

The ALJ is responsible for resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The Court also notes the possibility of a closed period of disability, as during the beginning of the alleged period of disability, plaintiff was having nightmares 3 or 4 times a week, while in 2011, they were down to approximately a couple of times a month. AR. 741 (CM/ECF docket p. 752).

**(2)  Should the ALJ be ordered to reconsider reopening the prior application for "good cause"?**

This Court does not have jurisdiction over the decision by the ALJ to decline to reopen the prior application, however plaintiff persuasively argues that there is new and material evidence warranting a reopening, which the ALJ failed to address when declining to reopen the prior application. *See* AR. 10; *see also* Dkt. 13 (citing AR. 874-76, 1004-27, 1046-54, 1072-80). The Court recommends to the ALJ to reconsider the issue of the reopening of plaintiff's prior application.

## CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 5th day of March, 2018.

J. Richard Creatura
United States Magistrate Judge